# Exhibit "A"

This case has been designated as an eFiling case, for more information please visit www.oakgov.com/efiling.

## STATE OF MICHIGAN

## IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

APRIL GODBOLDO,

    Plaintiff,

2021-190595-NO
Case No. 21-        -NO
HON. JUDGE NANCI J. GRANT

-VS-

WALMART STORE, INC., and
WAL-MART STORES EAST,
LIMITED PARTNERSHIP,

    Defendants.

*Jury Trial Demanded*

---

GEOFFREY N. FIEGER (P30441)
NORA Y. HANNA (P80067)
*Fieger, Fieger, Kenney & Harrington, P.C.*
19390 W. Ten Mile Road
Southfield, MI 48075
(248) 355-5555 / F: (248) 355-5148
n.hanna@fiegerlaw.com

---

## COMPLAINT

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this complaint pending in this court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge, nor do I know of any other civil action not between these parties arising out of the same transaction or occurrence as alleged in this complaint that is either pending, or was previously filed and dismissed, transferred, or otherwise disposed of after having been assigned to a judge in this court.

               */s/ Nora Y. Hanna*
               Nora Y. Hanna (P80067)

NOW COMES Plaintiff, APRIL GODBOLDO, by and through her attorneys Fieger, Fieger, Kenney & Harrington, P.C., and for her Complaint against the above-named Defendant, states as follows:

{01184496.DOCX}                                                                      1

## GENERAL ALLEGATIONS

1. That at all times relevant hereto, Plaintiff, APRIL GODBOLDO, was a resident of the City of Southfield, County of Oakland, and State of Michigan.

2. That at all times relevant hereto, Defendant, WALMART STORE INC., (hereinafter "WALMART") was a Delaware Foreign Profit Corporation headquartered in the City of Bentonville, Arkansas, engaging in regular and systematic business in the City of Troy, County of Oakland, State of Michigan, that was operating and in possession/control of elements located at 2001 W. Maple Road, Troy, MI 48084, County of Oakland, State of Michigan.

3. Upon information and belief, the registered agent for Defendant, WALMART, is THE CORPORATION COMPANY, located at 40600 Ann Arbor Road, E STE 201, Plymouth, MI, 48170.

4. That at all times relevant hereto, Defendant, WAL-MART STORES EAST, LIMITED PARTNERSHIP, (hereinafter "WSE") was a Delaware Foreign Limited Partnership headquartered in the City of Bentonville, Arkansas, engaging in regular and systematic business in the City of Troy, County of Oakland, State of Michigan, that was operating and was in possession/control of elements located at 2001 W. Maple Road, Troy, MI 48084, County of Oakland, State of Michigan.

5. Upon information and belief, the registered agent for Defendant, WSE, is THE CORPORATION COMPANY, located at 40600 Ann Arbor Road, E STE 201, Plymouth, MI, 48170.

6. Upon information and belief, Plaintiff, APRIL GODBOLDO, presented herself to Walmart Supercenter, located at 2001 W. Maple Road, Troy, MI 48084, seeking to purchase paint.

As Plaintiff entered the paint aisle, she unexpectedly slipped on a wet and/or slippery clear liquid on the floor.

7. Upon information and belief, the floor of the paint aisle in the aforementioned Walmart Supercenter are marbled white, rendering the clear liquid invisible.

8. Upon information and belief, no wet floor signage was placed in the aisle to warn invitees of the condition of the flooring.

9. Upon information and belief, Defendants, through their agents, servants, and employees, had notice that the floor contained a wet and/or slippery liquid.

10. That the incident giving rise to this cause of action occurred in the City of Troy, County of Oakland, State of Michigan.

11. That the amount in controversy herein exceeds the sum of Twenty-Five Thousand ($25,000.00) Dollars exclusive of interest, costs and attorney fees and is otherwise within the jurisdictional limits of this Court.

12. Venue and jurisdiction are properly vested in this Court.

## COUNT I
## PREMISES LIABILITY
## DEFENDANTS WALMART AND WSE

13. Plaintiff hereby reincorporates each and every allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

14. At all times relevant hereto, Plaintiff, APRIL GODBOLDO, was a customer inside the Walmart Supercenter located in Troy, MI owned and controlled by Defendants WALMART and WSE, for commercial purposes, and therefore was an invitee on the property.

15. That on or about September 19, 2021, Defendants WALMART and WSE, by and through their agents, servants and/or employees had a duty to maintain said premises in a

{01184496.DOCX}   3

reasonably safe condition, free from unreasonably dangerous, defective and/or unsafe conditions, and furthermore, had a duty to inspect for unreasonably dangerous, defective and/or unsafe conditions and to furthermore, warn of any unreasonably dangerous, defective and/or unsafe conditions.

16. At all times relevant hereto, Defendants, WALMART and WSE, as possessor and owner of the Walmart Superstore property, owed to Plaintiff, APRIL GODBOLDO, an invitee, the duty to exercise reasonable care to protect her from harm.

17. At all times relevant hereto, Defendants, WALMART and WSE, as possessor and owner of the Walmart Superstore property, owed to Plaintiff, APRIL GODBOLDO, a duty of reasonable care to protect from unreasonable risk of harm caused by dangerous conditions on the land.

18. That on or about September 19, 2021, while Plaintiff, APRIL GODBOLDO, was lawfully on the premises, when wet floors caused Plaintiff to slip and fall due to an unreasonably dangerous and unsafe condition resulting in his suffering serious and permanent personal injuries as hereinafter described with more particularity.

19. That at all times relevant hereto, Defendants WALMART and WSE, by and through their duly authorized agents, servants and/or employees did know or in the exercise of reasonable care should have known that there existed an unreasonable wet floor, same constituting an unreasonably dangerous, peculiar and defective condition on the premises.

20. That all times relevant hereto, Defendants WALMART and WSE, by and through their duly authorized agents, servants and/or employees did not post any signs indicating a wet floor, did not post any other warnings that would indicate floor might/could be wet or slippery, did not verbally warn or inform persons lawfully on the premises of the dangerous condition(s).

{01184496.DOCX} 4

21. That notwithstanding the aforesaid duties and in complete derogation of same, Defendants WALMART and WSE, by and through their duly authorized agents, servants and/or employees negligently, carelessly, gross negligently and/or recklessly improperly maintained said premises, and in particular, the wet and/or slippery floor caused Plaintiff, APRIL GODBOLDO, to fall sustaining serious and permanent personal injuries as hereinafter described with more particularity.

22. That notwithstanding the aforesaid duties, Defendants, WALMART and WSE, by and through their authorized agents, servants and/or employees, committed one or more of the following negligent, gross negligent, careless, reckless acts and/or omissions, including but not limited to:

 a. Failing to keep the aforesaid premises in a reasonably safe condition for business invitees lawfully on their premises;
 b. Failing to inspect the subject premises for unsafe and unreasonably dangerous conditions;
 c. Failing to exercise reasonable care in the maintenance of the subject premises;
 d. Failing to remove the unreasonably dangerous/ unsafe condition when the Defendants, WALMART and/or WSE, did know or in the exercise of reasonable care should have known that same was defective and unreasonably dangerous or unsafe;
 e. Failing to warn members of the general public and in particular, Plaintiff, APRIL GODBOLDO, of the dangerous or unsafe condition on the premises;
 f. Failure to maintain the building in a reasonably safe manner when the same or similar situation has occurred in the past;
 g. Failure to warn about the unsafe condition when Defendant, WALMART and WSE, has had the same or similar defect in the past;

      h. Failure to maintain the subject equipment, including but not limited to paint mixing equipment;

      i. Failure to obey all applicable statutes and/or city ordinances;

      j. Other acts of negligence as disclosed in the course of future discovery and through litigation.

23. At all times relevant hereto, Defendants WALMART and WSE, as possessors and owners of the Walmart Supercenter, owed invitees, specifically Plaintiff, APRIL GODBOLDO, the duty to warn of dangers that are known, or that should have been known to the possessor with the exercise of ordinary care.

24. At all times relevant hereto, Defendants WALMART and WSE, as possessors and owners of the property, owed to Plaintiff, APRIL GODBOLDO, the duty to inspect the premises to discover possible dangers of which they were not aware.

25. At all times relevant hereto, Defendants WALMART and WSE, did know or in the exercise of reasonable care should have known, and they had the affirmative duty to inspect the land and become aware of the unreasonably dangerous, peculiar, and defective condition, particularly the unsecured metal display shelf, and warn Plaintiff, APRIL GODBOLDO, or make the condition safe, which they negligently failed to do.

26. As a and/or the proximate and direct cause of above-described breaches of duty by Defendants WALMART and WSE, Plaintiff, APRIL GODBOLDO, sustained serious injuries and damages including, but not limited to, the following:

      a. Fracture of femur requiring emergency open reduction and internal fixation (ORIF) surgery;

      b. Non-weight bearing;

      c. Need for inpatient and/or outpatient rehabilitation;

      d. Back pain;

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

e. Leg pain;
f. Hip pain;
g. Medical bills – past and future;
h. Excess economic loss;
i. Mental anguish;
j. Physical pain and suffering;
k. Denial of social pleasures and enjoyment;
l. Emotional distress, fright and shock;
m. Humiliation and/or mortification;
n. Lost wages, future lost wages, and other pecuniary loss;
o. Other damages, injuries, and consequences that are found to be related to the incident that develops during the course of discovery; and
p. Any other damages allowed under Michigan law.

**WHEREFORE**, Plaintiff, APRIL GODBOLDO, demands judgment against Defendants, WALMART and WSE in an amount deemed fair and just and in excess of Twenty-Five Thousand ($25,000) Dollars, exclusive of costs, interest, and attorney fees.

<u>**COUNT II**</u>
<u>**NEGLIGENCE and/or GROSS NEGLIGENCE**</u>
<u>**DEFENDANTS WALMART and WSE**</u>

27. Plaintiff hereby reincorporates each and every allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

28. At all times relevant hereto, Plaintiff, APRIL GODBOLDO, was a customer inside the Walmart Supercenter in Troy, MI owned and controlled by Defendants WALMART and WSE, for commercial purposes, and therefore was an invitee on the property.

29. That on or about September 19, 2021, Defendants WALMART and WSE, by and through their agents, servants and/or employees had a duty to maintain said premises in a reasonably safe condition, free from unreasonably dangerous, defective and/or unsafe conditions, and furthermore, had a duty to inspect for unreasonably dangerous, defective and/or unsafe

conditions and to furthermore, warn of any unreasonably dangerous, defective and/or unsafe conditions.

30. At all times relevant hereto, Defendants WALMART and WSE, as possessor and owner of the Walmart Supercenter property, owed to Plaintiff, APRIL GODBOLDO, an invitee, the duty to exercise reasonable care to protect her from harm.

31. At all times relevant hereto, Defendants WALMART and WSE, as possessor and owner of the Walmart Supercenter property, owed to Plaintiff, APRIL GODBOLDO, from unreasonable risk of harm caused by dangerous conditions on the land.

32. That on or about September 19, 2021, while Plaintiff, APRIL GODBOLDO, was lawfully on the premises, when wet floors caused Plaintiff to slip and fall due to an unreasonably dangerous and unsafe condition resulting in his suffering serious and permanent personal injuries as hereinafter described with more particularity.

33. That at all times relevant hereto, Defendants WALMART and WSE, by and through their duly authorized agents, servants and/or employees did know or in the exercise of reasonable care should have known that there existed an unreasonable wet floor, same constituting an unreasonably dangerous, peculiar and defective condition on the premises.

34. That all times relevant hereto, Defendants WALMART and WSE, by and through their duly authorized agents, servants and/or employees did not post any signs indicating a wet floor, did not post any other warnings that would indicate floor might/could be wet or slippery, did not verbally warn or inform persons lawfully on the premises of the dangerous condition(s).

35. That notwithstanding the aforesaid duties and in complete derogation of same, Defendants WALMART and WSE, by and through their duly authorized agents, servants and/or employees negligently, carelessly, gross negligently and/or recklessly improperly maintained said

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD, MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

premises, and in particular, the wet and/or slippery floor caused Plaintiff, APRIL GODBOLDO, to fall sustaining serious and permanent personal injuries as hereinafter described with more particularity.

36. That notwithstanding the aforesaid duties, Defendants, WALMART and WSE, by and through their authorized agents, servants and/or employees, committed one or more of the following negligent, gross negligent, careless, reckless acts and/or omissions, including but not limited to:

a. Failing to keep the aforesaid premises in a reasonably safe condition for business invitees lawfully on their premises;

b. Failing to inspect the subject premises for unsafe and unreasonably dangerous conditions;

c. Failing to exercise reasonable care in the maintenance of the subject premises;

d. Failing to remove the unreasonably dangerous/ unsafe condition when the Defendants, WALMART and/or WSE, did know or in the exercise of reasonable care should have known that same was defective and unreasonably dangerous or unsafe;

e. Failing to warn members of the general public and in particular, Plaintiff, APRIL GODBOLDO, of the dangerous or unsafe condition on the premises;

f. Failure to maintain the building in a reasonably safe manner when the same or similar situation has occurred in the past;

g. Failure to warn about the unsafe condition when Defendants WALMART and WSE has had the same or similar defect in the past;

h. Failure to maintain the subject equipment, including but not limited to paint mixing equipment;

i. Failure to obey all applicable statutes and/or city ordinances;

  j. Other acts of negligence as disclosed in the course of future discovery and through litigation.

37. At all times relevant hereto, Defendants WALMART and WSE, as possessors and owners of the Walmart Supercenter, owed invitees, specifically Plaintiff, APRIL GODBOLDO, the duty to warn of dangers that are known, or that should have been known to the possessor with the exercise of ordinary care.

38. At all times relevant hereto, Defendants WALMART and WSE, as possessors and owner of the property, owed to Plaintiff, APRIL GODBOLDO, the duty to inspect the premises to discover possible dangers of which they were not aware.

39. At all times relevant hereto, Defendants WALMART and WSE, did know or in the exercise of reasonable care should have known, and they had the affirmative duty to inspect the land and become aware of the unreasonably dangerous, peculiar, and defective condition, particularly the unsecured metal display shelf, and warn Plaintiff, APRIL GODBOLDO, or make the condition safe, which they negligently failed to do.

40. As a and/or the proximate and direct cause of above-described breaches of duty by Defendants WALMART and WSE, Plaintiff, APRIL GODBOLDO, sustained serious injuries and damages including, but not limited to, the following:

  a. Fracture of femur requiring emergency open reduction and internal fixation (ORIF) surgery;
  b. Non-weight bearing;
  c. Need for inpatient rehabilitation;
  d. Back pain;
  e. Leg pain;
  f. Hip pain;
  g. Medical bills – past and future;

h. Excess economic loss;

i. Mental anguish;

j. Physical pain and suffering;

k. Denial of social pleasures and enjoyment;

l. Emotional distress, fright and shock;

m. Humiliation and/or mortification;

n. Lost wages, future lost wages, and other pecuniary loss;

o. Other damages, injuries, and consequences that are found to be related to the incident that develops during the course of discovery; and

p. Any other damages allowed under Michigan law.

**WHEREFORE**, Plaintiff, APRIL GODBOLDO, demands judgment against Defendants, WALMART and WSE in an amount deemed fair and just and in excess of Twenty-Five Thousand ($25,000) Dollars, exclusive of costs, interest, and attorney fees.

Respectfully Submitted,

/s/ *Nora Y. Hanna*

GEOFFREY N. FIEGER (P30441)
NORA Y. HANNA (P80067)
*Fieger, Fieger, Kenney & Harrington P.C.*
Attorneys for Plaintiff
19390 West Ten Mile Road
Southfield, MI 48075
Dated: October 15, 2021            (248) 355-5555
n.hanna@fiegerlaw.com

{01184496.DOCX}                               11

FILED   Received for Filing   Oakland County Clerk   10/15/2021 11:45 AM
FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

This case has been designated as an eFiling case, for more information please visit www.oakgov.com/efiling.

**STATE OF MICHIGAN**

**IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND**

APRIL GODBOLDO,

    Plaintiff,

Case No. 21-      -NO
2021-190595-NO
HON JUDGE NANCI J. GRANT

-VS-

WALMART STORE, INC., and
WAL-MART STORES EAST,
LIMITED PARTNERSHIP,

    Defendants.

---

GEOFFREY N. FIEGER (P30441)
NORA Y. HANNA (P80067)
*Fieger, Fieger, Kenney & Harrington, P.C.*
19390 W. Ten Mile Road
Southfield, MI 48075
(248) 355-5555 / F: (248) 355-5148
n.hanna@fiegerlaw.com

---

## JURY DEMAND

NOW COMES Plaintiff, APRIL GODBOLDO, by and through her attorneys, *Fieger, Fieger, Kenney & Harrington, P.C.*, hereby demands a trial by jury in the above-captioned matter.

Respectfully Submitted,

*/s/ Nora Y. Hanna*
GEOFFREY N. FIEGER (P30441)
NORA Y. HANNA (P80067)
*Fieger, Fieger, Kenney & Harrington PC*
Attorneys for Plaintiff
19390 West Ten Mile Road
Southfield, Michigan 48075
(248) 355-5555
n.hanna@fiegerlaw.com

Dated: October 15, 2021

{01183909.DOC}